UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------
VALLAIR SOLUTIONS SARL

              Plaintiff,                        21 Civ. 7507 (CM) (RWL)

-against-                              **CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER**

321 PRECISION CONVERSIONS LLC

              Defendant.
-------------------------------------------------------------------x

      The Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, and the parties in <u>Vallair Solutions SARL v. 321 Precision Conversions LLC</u>, in the United States District Court for the Southern District of New York, case number 1:21-cv-07507-CM (the "**LITIGATION**"), Vallair Solutions SARL ("**VALLAIR**") and 321 Precision Conversions LLC ("**PRECISION**") (together, "**THE PARTIES**" with each party referred to singularly as "**PARTY**"), having stipulated to the following provisions, by and through their undersigned counsel, it is hereby ORDERED that any person subject to this **CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER ("AGREEMENT")** including without limitation the **PARTIES** to this action, their attorneys, representatives, agents, experts and consultants, acting as such, all third parties providing discovery in this action, and all interested persons with actual or constructive notice of this **AGREEMENT** shall adhere to the following terms, upon pain of contempt:

      1.    **"Confidential Information" and Items**. "**CONFIDENTIAL INFORMATION**" means any document, writing, or any other tangible thing that contains non-public business, commercial, financial or personal information, the public disclosure of which is

5537541.1

either restricted by law or which a **PARTY** believes, in good faith, would seriously harm the producing **PARTY**'s business, commercial, financial, or personal interests or cause the producing **PARTY** to violate its privacy or confidentiality obligations to others, that the **PARTY** designates as "**CONFIDENTIAL**" in accordance with this **AGREEMENT**, as well as all documents, extracts, notes, memoranda, information, and statements (oral or written) derived from, containing, or referring to such **CONFIDENTIAL INFORMATION**. For purposes of this Paragraph, **CONFIDENTIAL INFORMATION** which a **PARTY** designates as "**CONFIDENTIAL ATTORNEYS' EYES ONLY**" includes a limited subset of highly **CONFIDENTIAL INFORMATION** that contains or discloses materials which the producing **PARTY** in good faith believes to be of a sufficiently high degree of commercial sensitivity and/or which would result in competitive injury if disclosed.

2. **Initial Designation of Produced Documents.** A **PARTY** producing documents that it believes in good faith constitute or contains **CONFIDENTIAL INFORMATION** shall produce copies bearing a label that contains (or includes) language substantially identical to the following:

**CONFIDENTIAL**

**Subject to Protective Order in**

**1:21-cv-07507-CM**

If the **PARTY** producing **CONFIDENTIAL INFORMATION** believes in good faith that the information in the documents constitute or contains **HIGHLY CONFIDENTIAL INFORMATION**, the **PARTY** shall produce copies bearing a label that contains (or includes) language substantially identical to the following:

**CONFIDENTIAL ATTORNEYS' EYES ONLY**

**Subject to Protective Order in**

**1:21-cv-07507-CM**

These labels shall be affixed in a manner that does not obliterate or obscure the contents of the copies. Claims of confidentiality will be made only with respect to documents to which the **PARTY** designating such **CONFIDENTIAL INFORMATION** has a good faith belief are legally entitled to protection from discovery and disclosure under Federal Rule of Civil Procedure 26(c) and applicable case law.

If a **PARTY** learns that it inadvertently mistakenly designated information or items as "**CONFIDENTIAL**" or "**CONFIDENTIAL ATTORNEYS' EYES ONLY**," the **PARTY** must promptly notify the other **PARTY** in writing that it is withdrawing the mistaken designation and produce updated copies of such documents without any designating label.

3. **Initial Designation of Interrogatory Answers.** If a **PARTY** answering an interrogatory believes that its answer contains **CONFIDENTIAL INFORMATION**, it shall set forth its answer in a separate document that is produced and designated in the same manner as a produced document under Paragraph 2. The answers to interrogatories should make reference to the separately produced document containing the answer, but such document should not be attached to the answers to interrogatories.

4. **Inspections of Documents.** In the event a **PARTY** elects to produce files and records for inspection and the requesting **PARTY** elects to inspect them, no designation of **CONFIDENTIAL INFORMATION** need be made in advance of the inspection. For the purposes of such inspection, all material inspected shall be considered **CONFIDENTIAL INFORMATION**. If the inspecting **PARTY** selects specified documents to be copied, the

producing **PARTY** shall designate **CONFIDENTIAL INFORMATION** in accordance with Paragraph 2 at the time the copies are produced.

5. **Access to CONFIDENTIAL INFORMATION Designated "CONFIDENTIAL."** With respect to all documents and things produced which are designated as "**CONFIDENTIAL**," the documents and things and the information contained in or derived from such documents or things shall be kept confidential, and shall not be communicated in any manner, either directly or indirectly, to any person or entity other than:

    a. officers, directors, and employees of the **PARTIES** that are directly involved in the conduct or settlement of this **LITIGATION**;

    b. the attorneys for the **PARTIES** and their support staff;

    c. all stenographic and photocopying agencies employed by such attorneys in this **LITIGATION** whose functions require access to such **CONFIDENTIAL INFORMATION**, as long as such other person(s) has/have signed the attached statement ("**ATTACHMENT 1**");

    d. judges, magistrates, clerks, special masters and other personnel of the Court;

    e. independent experts or consultants retained by a **PARTY** or its attorneys (subject to compliance with Paragraph 10 of this **AGREEMENT**);

    f. such other person(s) as may be specifically agreed in writing by the **PARTIES**, as long as such other person(s) has/have signed the attached statement ("**ATTACHMENT 1**"); and

    g. the **PARTIES**' agents, insurance carriers, assigns, and authorized representatives. Furthermore, the documents and things, and the information contained in or derived from such documents or things, shall be received and used only for purposes directly related to the **LITIGATION** and not for any other purpose, including but not limited to promotional or competitive activities.

6. **CONFIDENTIAL INFORMATION Designated as "CONFIDENTIAL ATTORNEYS' EYES ONLY."** CONFIDENTIAL INFORMATION designated as "CONFIDENTIAL ATTORNEYS' EYES ONLY" may be disclosed only to the following persons:

    a. Counsel of record in this action, and counsel's employees working under their supervision to whom it is reasonably necessary that the **CONFIDENTIAL INFORMATION** be shown for purposes of this **LITIGATION**;

    b. One designated member of the in-house general counsel staff of the non-individual **PARTY** receiving the information who is not involved in competitive decision-making, as long as such person has signed the attached statement ("**ATTACHMENT 1**");

    c. The Court and Court personnel and stenographic reporters at depositions taken in this **LITIGATION** or otherwise during the taking of testimony at a hearing and/or trial;

    d. independent experts or consultants retained by a **PARTY** or its attorneys, (subject to compliance with Paragraph 10 of this **AGREEMENT**); and

    e. such other person(s) as may be specifically agreed in writing by the **PARTIES**, as long as such other person(s) has/have signed the attached statement ("**ATTACHMENT 1**").

It shall be the duty of the **PARTIES** to ensure that each person given access to **CONFIDENTIAL INFORMATION**, as defined herein, be made aware of the provisions of this **AGREEMENT**.

7. **Redaction of CONFIDENTIAL INFORMATION.** The producing **PARTY** may redact documents (or portions of documents) that are nonresponsive or that contain information that is subject to a claim of privilege, whether based on the attorney-client privilege or the attorney work product doctrine. For all material withheld and/or redacted as privileged, the

producing **PARTY** will produce a log in compliance with Federal Rule of Civil Procedure 26(b)(5), expressly identifying the legal basis for the redaction, and describing the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable the other **PARTY** to assess the applicability of the privilege or protection asserted.

8. **Handling of CONFIDENTIAL INFORMATION**. Any person in possession of materials that have been designated as "**CONFIDENTIAL**" or "**CONFIDENTIAL ATTORNEYS' EYES ONLY**" shall exercise reasonable and appropriate care with regard to the storage, custody, or use of such materials to ensure that their confidential nature is maintained. No person receiving such materials shall, directly or indirectly, transfer, disclose, or communicate in any way the materials or the contents or information of the materials to any person other than as specified in this **AGREEMENT**.

Nothing in this **AGREEMENT** shall prohibit a **PARTY** or its counsel from disclosing **CONFIDENTIAL** or **CONFIDENTIAL ATTORNEYS' EYES ONLY** material to:

a. the person(s) who authored the document or material;

b. persons who previously received the document or material or a copy thereof not in violation of this **AGREEMENT**; or

c. persons employed by the **PARTY** producing the **CONFIDENTIAL INFORMATION**.

9. **Use of CONFIDENTIAL INFORMATION at Deposition.** If depositions are conducted in this **LITIGATION** which involve documents or information designated as "**CONFIDENTIAL**" or "**CONFIDENTIAL ATTORNEYS' EYES ONLY**," the portions of said depositions involving such **CONFIDENTIAL INFORMATION** will be taken "in camera"

with no one present except the attorneys (including the attorneys for each **PARTY** and any attorney for any non-party designating material or information as "**CONFIDENTIAL**" or "**CONFIDENTIAL ATTORNEYS' EYES ONLY**"), the reporter, videographer, the deponent and such other persons as would be allowed to receive the information under the Paragraphs above. All persons, other than the **PARTIES** and their counsel, present at the taking of the depositions in which such **CONFIDENTIAL INFORMATION** is involved, upon notice of the terms of this **AGREEMENT**, are hereby prohibited and enjoined from disclosing to any other person not authorized under this **AGREEMENT** to receive such information. Counsel shall also have thirty (30) days after receipt of a deposition transcript to designate portions thereof as "**CONFIDENTIAL**" or "**CONFIDENTIAL ATTORNEYS' EYES ONLY**."

10. **Disclosure of CONFIDENTIAL INFORMATION to Experts.** Before any disclosure of **CONFIDENTIAL INFORMATION** designated as "**CONFIDENTIAL**" or "**CONFIDENTIAL ATTORNEYS' EYES ONLY**" to retained expert(s) or consultant(s), such expert(s) or consultant(s) shall be provided with a copy of this **AGREEMENT** and such expert(s) or consultant(s) shall agree, upon receipt of the **AGREEMENT**, that they will be bound by its terms and will not disclose or use any such **CONFIDENTIAL INFORMATION** outside of the pending **LITIGATION**. Prior to receiving any **CONFIDENTIAL INFORMATION**, the expert or consultant shall sign and deliver a copy of **ATTACHMENT 1** to counsel who shall retain it in the event evidence of the expert's or consultant's agreement to be subject to this **AGREEMENT** is later necessary.

11. **Electronic Data.** "**ELECTRONIC DATA**" means information stored or recorded in electronically or magnetically (including information, files, databases or programs stored on any digital or analog machine-readable device, computers, discs, networks or tapes).

Counsel for the producing **PARTY** will designate **ELECTRONIC DATA** as "**CONFIDENTIAL**" or "**CONFIDENTIAL ATTORNEYS' EYES ONLY**" in a cover letter identifying the information generally. When feasible, counsel for the producing **PARTY** will also mark the electronic or magnetic information with the appropriate designation. Whenever any **PARTY** to whom **ELECTRONIC DATA** designated as **CONFIDENTIAL INFORMATION** is produced, reduces such material to hardcopy form, such **PARTY** shall mark the hardcopy form with the label specified in Paragraph 2. Whenever any **CONFIDENTIAL INFORMATION** in **ELECTRONIC DATA** is copied into another file, all such copies shall also be marked "**CONFIDENTIAL**" or "**CONFIDENTIAL ATTORNEYS' EYES ONLY**," as appropriate.

To the extent that any **PARTY** or counsel for any **PARTY** creates, develops, or otherwise establishes on any digital or analog machine-readable device, recording media, computers, discs, networks, or tapes any information, files, databases or programs that contain information designated "**CONFIDENTIAL**" or "**CONFIDENTIAL ATTORNEYS' EYES ONLY**," that **PARTY** and its counsel must take all necessary steps to ensure that access to that electronic or magnetic information is properly restricted to those persons who, by the terms of this **AGREEMENT**, may have access to **CONFIDENTIAL INFORMATION**.

12. **Court Filings.** In the event any **CONFIDENTIAL INFORMATION** must be filed with the Court prior to trial, the filing shall be filed under seal. Any **PARTY** that seeks to file any **CONFIDENTIAL INFORMATION** under seal, must comply with the local rules of the United States District Court for the Southern District of New York that relate to filing documents under seal. **CONFIDENTIAL INFORMATION** may only be filed under seal in a manner prescribed by the Court for such filings.

13. **Use of CONFIDENTIAL INFORMATION at Court Proceedings or Trial.** CONFIDENTIAL INFORMATION identified as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" in accordance with this AGREEMENT, may be disclosed in testimony at the trial in this LITIGATION, or ordered in evidence at the trial of this LITIGATION, as long as appropriate measures are taken to protect such CONFIDENTIAL INFORMATION as trade secrets and confidential, and to protect such designated CONFIDENTIAL INFORMATION from public disclosure, as described below, subject to the rules of evidence and subject to such further Order as the Court may enter. Nothing in this AGREEMENT is intended to change the burden of proof or rules of evidence set out in the applicable rules of procedure and evidence. The provisions of this AGREEMENT shall not affect, and this AGREEMENT does not limit, the *admissibility* of CONFIDENTIAL INFORMATION, or references to the same, as evidence at trial, or during a hearing or similar proceeding in this action. Prior to using CONFIDENTIAL INFORMATION at any proceeding that is open to the public, the PARTY seeking to use the CONFIDENTIAL INFORMATION must give at least seven (7) days advanced notice to the producing PARTY, of the intent to use the CONFIDENTIAL INFORMATION, so that the producing PARTY may seek an appropriate Court Order to protect the CONFIDENTIAL INFORMATION.

14. **No Waiver**. This AGREEMENT shall not be interpreted as a waiver of the right to object, pursuant to the Federal Rules of Civil Procedure, to the furnishing of information in response to discovery requests or to object to a requested inspection of documents or facilities. Acceptance by a PARTY of any information, document or thing identified as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" hereunder, shall not constitute a concession that the information, document, or thing is confidential or a trade secret,

and the receiving **PARTY** may motion the Court for an Order to re-designate the material or request that it falls outside the protections provided by this **AGREEMENT**. Neither this **AGREEMENT**, nor the taking of any action in accordance with the provisions of this **AGREEMENT**, nor the failure to object thereto, shall be interpreted as a waiver of any claim or position or defense in this **LITIGATION**, or in any other action.

15. **Return or Destruction of CONFIDENTIAL INFORMATION Upon Termination of LITIGATION**. Those documents, deposition transcripts, or other information identified by any **PARTY** as "**CONFIDENTIAL**" or "**CONFIDENITAL ATTORNEYS' EYES ONLY**," and all copies thereof, shall be retained by counsel for the **PARTIES** or counsel for any non-party who has received **CONFIDENTIAL INFORMATION**, and, within forty-five (45) days of the termination of this **LITIGATION** as to any **PARTY**, unless otherwise ordered by the Court, either shall be returned to the producing **PARTY** upon written request or shall be destroyed upon the termination of this **LITIGATION**. Any expert or consultant retained by a **PARTY** to this action must also certify in writing within forty-five (45) days of the termination of this **LITIGATION**, that they destroyed the **CONFIDENTIAL INFORMATION** produced to them, or the expert or consultant must return such **CONFIDENTIAL INFORMATION** to the producing **PARTY** within said time period, for the producing **PARTY** to destroy upon receipt.

16. **Challenges to Designation**. If the receiving **PARTY** disagrees with the producing **PARTY**'s designation of any document(s), tangible thing(s), or information ("**MATERIALS**") as "**CONFIDENTIAL**" or "**CONFIDENTIAL ATTORNEYS' EYES ONLY**," the receiving **PARTY** shall request in writing prior to the close of fact discovery, for the producing **PARTY** to re-designate such **MATERIALS**, setting forth the specific **MATERIALS** at issue, and the reasons the receiving **PARTY** believes such **MATERIALS** should be re-

designated. If **MATERIALS** designated as "**CONFIDENTIAL**" or "**CONFIDENTIAL ATTORNEYS' EYES ONLY**" are produced within thirty (30) days of the close of fact discovery, and the receiving **PARTY** disagrees with the producing **PARTY**'s designation of such **MATERIALS** as "**CONFIDENTIAL**" or "**CONFIDENTIAL ATTORNEYS' EYES ONLY**," the receiving **PARTY** shall have thirty (30) days from receipt thereof to challenge the designation. If the producing **PARTY** does not re-designate the **MATERIALS** within five (5) business days after receipt of the request to re-designate, the receiving **PARTY** may then ask for an order of reference to the Magistrate Judge for discovery supervision as set forth in the Amended Civil Case Management Plan ordered in this Litigation. Until a ruling is made by the Court on the challenge, the **PARTIES** shall treat such **MATERIALS** in the same manner as if the **MATERIALS** had been properly designated or classified originally.

       17.    **Inadvertent Designation**. If through inadvertence, error or oversight, a **PARTY** fails to properly designate **MATERIALS** as "**CONFIDENTIAL**" or "**CONFIDENTIAL ATTORNEYS' EYES ONLY**" at the time of production or disclosure, that **PARTY** shall promptly notify the receiving **PARTY**, in writing, of such error or oversight as soon as such error or oversight is discovered and shall specify, in that notice, the particular **MATERIALS** to be re-designated and shall specify the particular designation to be applied. If the producing **PARTY** gives such written notice as required above, that **PARTY**'s claim of confidentiality shall not be deemed to have been waived by failure to designate the **MATERIALS** as "**CONFIDENTIAL**" or "**CONFIDENTIAL ATTORNEYS' EYES ONLY**" prior to disclosure. Thereafter, the producing **PARTY** shall produce updated copies of such documents with the correct designating label and the **PARTIES** shall treat such **MATERIALS** in the same manner as if the **MATERIALS** had been properly designated or classified originally. Furthermore,

any **PARTY** who has received such re-classified **MATERIALS** and has not agreed to be bound by this **AGREEMENT**, shall execute the attached statement ("**ATTACHMENT 1**"), and aver that they have read and understand this **AGREEMENT** and agree to be bound by its terms.

18. **Unauthorized Disclosures of CONFIDENTIAL INFORMATION**. If **CONFIDENTIAL INFORMATION** is disclosed to any person other than in the manner authorized by this **AGREEMENT**, counsel for the **PARTY** or person responsible for the disclosure, and any other person who is subject to this **AGREEMENT** and learns of such disclosure, shall immediately bring such disclosure to the attention of the **PARTY** who designated the **CONFIDENTIAL INFORMATION**. Without prejudice to other rights and remedies of the **PARTY** who designated the **CONFIDENTIAL INFORMATION**, the responsible party or person shall make every effort to obtain the return of the **CONFIDENTIAL INFORMATION** and to prevent further disclosure on its own part or on the part of the person(s) who was the unauthorized recipient of such **CONFIDENTIAL INFORMATION**.

19. **Disclosure of CONFIDENTIAL INFORMATION in Other Actions**. In the event that a **PARTY** subject to this **AGREEMENT** receives a subpoena related to another action that seeks the production of documents or items marked "**CONFIDENTIAL**" or "**CONFIDENTIAL ATTORNEYS' EYES ONLY**" that was produced by a **PARTY** to this **LITIGATION**, then the **PARTY** receiving the subpoena shall, within five (5) days of receipt of the subpoena, provide notice of the subpoena to the producer of the **MATERIALS** marked "**CONFIDENTIAL**" or "**CONFIDENTIAL ATTORNEYS' EYES ONLY**". To the extent permitted by law, the **PARTY** receiving the subpoena shall not produce the **MATERIALS** marked "**CONFIDENTIAL**" or "**CONFIDENTIAL ATTORNEYS' EYES ONLY**" for at least

fifteen (15) days from the date the subpoena was received, and shall cooperate fully with the producer of the **MATERIALS**, in contesting the subpoena pursuant to this **AGREEMENT**.

20. **Modification**. This **AGREEMENT** may only be amended by a writing signed by all **PARTIES** and/or their respective attorney(s), or by Order of Court.  Any **PARTY** seeking a Court Order to modify the terms of this **AGREEMENT**, shall file a motion with the Court, with notice to the other **PARTY**, that must be served and filed in accordance with the local rules of the U.S. District Court for the Southern District of New York.

21. **Survival of Protective Order**. This Agreement shall continue to be binding upon the **PARTIES** and all other persons to whom **MATERIALS** marked "**CONFIDENTIAL**" or "**CONFIDENTIAL ATTORNEYS' EYES ONLY**" has been communicated or disclosed in accordance with this **AGREEMENT**.

22. **Execution**. It is understood and agreed by all **PARTIES** to this **AGREEMENT**, that this **AGREEMENT** may be executed in counterparts, all of which will be deemed one and the same instrument.

23. **Effective Date**. This **AGREEMENT** is effective immediately and remains binding on the **PARTIES**, subject to any modification by the Court that does not substantially alter the rights and privileges of the **PARTIES** as set forth herein.

24. **Addendum**.   THE FOLLOWING ADDENDUM IS DEEMED INCORPORATED INTO THE **PARTIES'** STIPULATION AND CONFIDENTIALITY ORDER:

> The parties understand that the Court's "so ordering" of this stipulation does not make the Court a party to the stipulation or imply that the Court agrees that

documents designated as "**CONFIDENTIAL**" by the parties are in fact confidential.

It has been this Court's consistent experience that confidentiality stipulations are abused by parties and that much material that is not truly confidential is designated as such. The Court does not intend to be a party to such practices. The Court operates under a presumption that the entire record should be publicly available.

The Court does not ordinarily file decisions under seal or redact material from them. If the Court issues a decision in this case that refers to "**CONFIDENTIAL**" material under this stipulation, the decision will not be published for ten days. The **PARTIES** must, within that ten-day period, identify to the Court any portion of the decision that one or more of them believe should be redacted, provide the Court with the purportedly confidential material, and explain why that material is truly confidential. The Court will then determine whether the material is in fact genuinely deserving of confidential treatment. The Court will only redact portions of a publicly available decision if it concludes that the material discussed is in fact deserving of such treatment. The Court's decision in this regard is final.

If this addendum is acceptable to the **PARTIES**, the Court will sign their proposed confidentiality stipulation, subject to the addendum. If this addendum is not acceptable, the Court will not sign the stipulation, and should allegedly confidential

material be produced, the parties will be referred to the magistrate judge for a document by document review and decision on whether that document should be subject to confidential treatment.

**IT IS SO ORDERED.**

Dated: 5/19/22

_Loretta A. Preska_
The Honorable Colleen McMahon

**STIPULATED AND AGREED TO BY:**

*s/ Lisa J. Savitt*
THE AXELROD FIRM, PC
Lisa J. Savitt (SDNY Bar No. LJS-8922)
5028 Wisconsin Avenue, N.W.
Suite 100
Washington, D.C. 20016
Tel: (202) 441-0245
lsavitt@theaxelrodfirm.com

*s/ Sheryl L. Axelrod*
THE AXELROD FIRM, PC
Sheryl L. Axelrod (Admitted *pro hac vice*)
100 East Penn Square
Suite 400
Philadelphia, PA 19107
Tel: (267) 918-4526
saxelrod@theaxelrodfirm.com

*Attorneys for Vallair Solutions SARL*

*s/ Kelly Jones Howell*
HARRIS BEACH PLLC
Kelly Jones Howell (SDNY Bar No. KJH-7804)
100 Wall Street
New York, NY 10005
Tel: (212) 687-1005
khowell@harrisbeach.com

*s/ Chelsea Mikula*
TUCKER ELLIS LLP
Chelsea Mikula (Admitted *pro hac vice*)
950 Main Avenue, Suite 1100
Cleveland, OH 44113
Tel: (216) 592-5000
chelsea.mikula@tuckerellis.com

*Attorneys for 321 Precision Conversions, LLC*

## ATTACHMENT 1

I certify that I have read the **CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER** ("**AGREEMENT**") dated May _____, 2022, and entered in the case captioned <u>Vallair Solutions SARL v. 321 Precision Conversions LLC</u>, in the United States District Court for the Southern District of New York, case number 1:21-cv-07507-CM. Before reviewing or receiving access to the contents of any document(s), tangible thing(s) or information subject to the protection of the **AGREEMENT**, and as a condition for such review or access, I understand and agree that I am bound by and subject to all of the terms and provisions of the subject **AGREEMENT**. I subject myself to the jurisdiction and venue of the United States District Court for the Southern District of New York for purposes of enforcement of the **AGREEMENT**.

BY: _____   _____

(Print Name)

DATE: _____   _____

(Employer or Business Affiliation)