```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
VALLAIR SOLUTIONS SARL                      :
                                            :              21-CV-7507 (CM) (RWL)
                              Plaintiff,    :
                                            :
         - against -                        :              ORDER
                                            :
321 PRECISION CONVERSIONS LLC               :
                                            :
                              Defendant.    :
------------------------------------------------------------X
```

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

This order resolves the discovery issues raised at Dkt. 56-57 and request for adjournment at Dkt. 69. Plaintiff's request to adjourn the conference currently scheduled for tomorrow, September 28, 2022, is granted. If, after meeting and conferring, the parties disagree about implementation of this order, either party may request the Court to reschedule the adjourned conference.

1. Order of Documents Produced: The Federal Rules of Civil Procedure permit a party to produce documents either in order by request or as they are kept in the ordinary course of business. Defendant apparently chose the latter and is within its rights to have done so absent agreement between the parties or order of the Court otherwise.

2. Allegedly Irrelevant Documents: To the extent Plaintiff asks for relief in this respect, the request is denied (with respect to documents at issue in Dkt. 57) for substantially the reasons set forth by Defendant at Dkt. 57. Plaintiff does not identify a clear agreement that Requests 1-3 were to be limited so as not to include Conversion documents or that documents dated 2016-2018 should not have been produced at all.

1

That said, Defendant should refrain from producing non-responsive documents, and the parties should meet and confer to clarify their expectations going forward.

3. Blank Documents: The Court is skeptical of Defendant's argument that producing documents in PDF, even with embedded signatures and the like, cannot be produced without blank pages and without producing every page in one document as a single file.  Certainly that can be done without requiring special document management software as Defendant suggests, even if having such a platform is desirable and common. At the same time, it is incumbent upon the parties to discuss electronic discovery and production issues early and in advance of production precisely to avoid issues like that at issue here.  The Court will not impose any requirement for Defendant to reproduce documents already produced as of September 9, 2022 (when Plaintiff wrote its letter to the Court).  Again, the parties should meet and confer and agree upon an arrangement for moving forward.

4. Customer Agreements: Plaintiff shall provide to Defendant an explanation of why Plaintiff's counsel needs to know the customer names in the customer agreements. If there is a reasonable basis, then Defendant will have to produce them, with the customer names treated consistent with the protective order for confidential information.

5. Plaintiff may not suspend its own document production just because it has issues with Defendant's production.  If Plaintiff has not already done so, it must resume production.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: September 27, 2022
      New York, New York

Copies transmitted this date to all counsel of record.