

950 Main Avenue, Suite 1100 | Cleveland, OH 44113 | TEL 216.592.5000 | FAX 216.592.5009

May 5, 2022

DIRECT DIAL  216.696.4689 | lindsey.sacher@tuckerellis.com

**VIA ECF**

The Honorable Robert W. Lehrburger
United States Courthouse
500 Pearl Street
New York, NY 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/11/2023
```

Re:   *Vallair Solutions SARL v. 321 Precision Conversions, LLC*, Case No. 1:21-CV-07507-CM-RWL
      **Motion to Compel Vallair to Complete Document Production by May 12, 2023**

Dear Magistrate Judge Lehrburger:

On behalf of Defendant 321 Precision, LLC ("Precision") we write to request that this Court issue an Order compelling Plaintiff Vallair Solutions SARL ("Vallair") to complete its document production no later than **May 12, 2023**. As grounds for this request, Precision states that, as set forth below, it is clear that Vallair's document production is far from complete, despite Vallair's promise that such production would be completed over a month ago. Vallair's failure to honor its promise(s) and repeated failure to produce requested documents raises significant concerns about (1) the extent of efforts, if any, by Vallair to gather and identify responsive documents, and (2) Precision's ability to obtain all responsive documents to which it is entitled in advance of the depositions of Vallair witnesses, which are scheduled for the week of May 22, 2023.

By way of background, Precision has propounded four sets of Requests for Production of Documents upon Vallair in this action, beginning on June 8, 2022. In response, Vallair has made thirteen productions of documents, as detailed below:

1) **July 13, 2022:** 12 documents (VAL00001-VAL00172) were produced as purported support for the Vallair's settlement demand, which was made on July 7, 2022.
2) **July 19, 2022:** 23 documents (VAL00172-00514) were produced, but included only copies of the three agreements between the parties (the "Agreements"), and correspondence between the parties—all of which were previously attached as exhibits to the Amended Complaint and later, the Second Amended Complaint.
3) **August 17, 2022:** 2 documents (VAL00515-00545) were produced consisting of correspondence between the parties.
4) **September 2, 2022:** 55 documents (VAL00546-00638) produced, which included correspondence between the parties and drafts of the Agreements, plus multiple as duplicates of documents previously produced in Production 2.
5) **October 10, 2022:** 282 documents (VAL00639-03714) were produced still consisting of only correspondence between the parties, drafts and copies of the Agreements, and number duplicate documents.
6) **November 7, 2022:** 360 documents (VAL03715-07702) were produced, including emails from former Vallair employee Peter Koster, a minimal amount of internal Vallair communications, and additional duplicates of previously produced documents.
7) **December 22, 2022:** 61 documents (VAL07703-08056) were produced, including a confidentiality agreement between the parties, more draft agreements and correspondence between the parties, and a handful of third party communications.

tuckerellis.com

Tucker Ellis LLP

May 5, 2022
Page 2

8) **January 31, 2023:** 108 documents (VAL08057-08955) were produced, including correspondence between the parties, several internal Vallair communications and a number of duplicates.
9) **February 14, 2023:** 193 documents (VAL08956-11409) were produced, including even more duplicates, several, few internal emails, additional draft agreements, The production included documentation regarding the leasing of MSN 891 (one of the aircraft that was to be converted by Precision for Vallair), but no communications about it.
10) **March 6, 2023:** 62 documents (VAL11410-11796) were produced, including a few internal communications, correspondence between the parties, and, for the first time, engine lease agreements (which were requested months before).
11) **April 5, 2023:** 292 documents (VAL11797-13920) were produced consisting of correspondence between the parties, duplicates, and for the first time, key weekly reports about the status of the A321 program that had never been produced previously (despite being requested months in advance).
12) **May 3, 2023:** 400 documents (VAL13921-17531) were produced; the production consisted largely of additional (including duplicate) drafts of the Agreements, communications between the parties (again including many duplicates), several emails from Peter Koster to other Vallair employees; various third-party invoices and communications; and two sets of financial reports from 2020 and 2021.
13) **May 4, 2023**: 14 documents (VAL 17532-17644) were produced, consisting entirely of heavily (and improperly) redacted documents pertaining to EFW, the company with which Vallair attempted to contract for aircraft conversions after the relationship with Precision failed.

In short, Vallair has produced just **1,861** documents in response to the Requests for Production propounded by Precision, and many of the documents produced are duplicates of each other and/or. To put these figures in context, Precision has produced **8,371** documents (over 4.5x the number of documents produced by Vallair) in response to Vallair's Requests for Production. Given the nature of the parties' relationship and their respective businesses, as well as the scope of the discovery requests that have been propounded in this case, it is logical to conclude that Vallair would have a similar or at least commensurate number of responsive documents to produce in connection with this action. Yet the volume (and substance, as further explained below) of Vallair's production comes nowhere close to what it should be.

Given the minimal production of documents by Vallair to date (and the general absence of substantive content contained within the documents produced), it is impossible for Precision to identify the universe of documents that are missing from Vallair's production. Still there are numerous examples of Vallair's failure to produce documents that are relevant, responsive, and (should be) within Vallair's possession and control. Among such examples are the following:

- Vallair has not produced the bill of sale, or any related documents, for several of the aircraft at issue in this case (i.e., aircraft that were to be converted for Vallair by Precision but ultimately were not so converted due to Precision's alleged breach of the Agreements), including MSN 941, 961, 1185 and 1241.

- Nor has Vallair produced *any* internal or external communications related to securing or terminating any alternative conversion agreements with respect to the aforementioned aircraft or the aircrafts identified as MSN 891, 827, 974, 1207. This is despite the fact that Vallair claims, as one basis for its alleged damages that it had to make alternate arrangements as to these aircraft following Precision's alleged breach of the Agreements.

**Tucker Ellis** LLP

May 5, 2022
Page 3

- Vallair produced an email (VAL08835) in which Vallair informs Precision that Vallair's board disagrees with paying $5.9M requested by Vallair. Yet, no board meeting minutes, emails or other documents discussing this issue have been produced. This is despite the fact that Precision's pricing, as offered to Vallair, is the critical issue in this case.

- Finally, Vallair seeks significant lost profits in this case. Lost profits are, by definition, based on actual financial information. However, only a few documents reflecting Vallair's financials in 2020 and 2021 have been produced, and they were not produced until May 3, 2023 (i.e., two days prior to the date of this letter).

Notably, Vallair has represented numerous times in this litigation its production was not complete, and offered multiple self-imposed deadlines to complete its production, including January 30, 2023 (after Precision's first and second set of documents requests), and more recently, April 5, 2023, as was represented to this court (Doc. 120). However, as of the date of this filing (approximately a month <u>after</u> Vallair previously promised to complete its production), Vallair has yet to complete production and cannot give any indication of whether there is an end in sight. Further, Vallair continues, even with its most recent productions, to dribble out documents that should have been produced months ago in response to Precision's earliest request. As recently as May 2, 2023, Vallair refused to commit to a date by which Vallair's document production would be complete. As a result of this, and Vallair's prior conduct and failure to live up to its promises, Precision has serious concerns that the production will be complete in sufficient time for Precision to take the depositions of Vallair's witnesses (which depositions have been re-scheduled on multiple occasions) if Vallair is left to its own devices.

Though Vallair has suggested to postpone the depositions of its witnesses until the document production is complete, Precision remains unconvinced that yet another postponement of such depositions alleviate the problem. It has been Vallair's practice through the course of discovery to delay or at least slow the production of documents (including by breaching its own self-imposed deadlines) and then seek to continue the depositions of its employees on that basis, among others. The parties already postponed the depositions of Vallair's witnesses once due to Vallair's delays in production. This time, costs are incurred, travel arrangements have been made, and the depositions must go forward. As a result, Precision requests an Order requiring Vallair to complete its document production no later than **May 12, 2023**, which will give counsel for Precision approximately one week to review the same in preparation for the scheduled Vallair depositions. Such an Order is not only warranted, but necessary to prevent further delay and prejudice to Precision, and also to avoid a further waste of judicial resources on such matters.

Sincerely,

TUCKER ELLIS LLP

*[signature: Lindsey Sacher]*

LINDSEY E. SACHER

LES:cam

012782\000014\5979191.1

Request denied. In the event a party does not timely produce documents that necessitate re-opening a deponent's deposition or issuing preclusive remedies, the party may make such application at the appropriate time. The parties should have every incentive to make as complete a production as possible prior to relevant depositions.

SO ORDERED:

5/11/2023

*[signature]*

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE