

950 Main Avenue, Suite 1100 | Cleveland, OH 44113 | TEL 216.592.5000 | FAX 216.592.5009

May 14, 2022

DIRECT DIAL 216.696.4689 | lindsey.sacher@tuckerellis.com

**VIA ECF**

The Honorable Robert W. Lehrburger
United States Courthouse
500 Pearl Street
New York, NY 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/17/2023
```

> Re:   *Vallair Solutions SARL v. 321 Precision Conversions, LLC,* Case No. 1:21-CV-07507-CM-RWL; <u>Motion for Order Appointing Special Master for Depositions Scheduled May 22-25, 2023</u>

Dear Magistrate Judge Lehrburger:

  Pursuant to Federal Rule of Civil Procedure 53(a)(1)(C) and on behalf of Defendant 321 Precision, LLC ("Precision") I write to request to request the appointment of a Special Master to preside over upcoming depositions. Specifically, Precision requests that the Special Master be appointed and made available to receive calls from counsel and issue rulings on various issues that Precision anticipates may arise during four depositions that are scheduled for May 22 – 25, 2023.  Of course, Precision will make every effort, and is hopeful that Vallair Solutions SARL ("Vallair")will do the same, to resolve any such issues during the depositions absent the need for court intervention.  Precision is nevertheless making this request to ensure that these depositions can proceed smoothly and expeditiously, being mindful of the associated time and cost to both parties, as well as the unique circumstances presented by the substantial time difference between the location of the depositions and the location of this Court.

  As grounds for this request, Precision states that Rule 53 of the Federal Rules of Civil Procedure permits the appointment of a Special Master to "address pretrial . . . matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district." Fed. R. Civ. P. 53(a)(1)(C).  The appointment of a Special Master for purposes of the upcoming depositions is necessary and appropriate in this case, for the following reasons:

- The aforementioned depositions will be of three current employees of Vallair, and one former employee of Vallair.

- These depositions will be conducted overseas in Luxembourg; this arrangement was made for the convenience of the Vallair witnesses and at the request of Vallair and its counsel.



May 14, 2022<br>Page 2

- It is anticipated that each deposition will run from approximately 9:00 am to 5:00 pm Luxembourg time each day.

- Because Luxembourg is six hours ahead of New York, the depositions will be taking place from 3:00 pm to 12:00 am Eastern Standard Time.

- Based on recent discussions with counsel for Vallair, counsel for Precision anticipates that certain critical issues may arise in the course of one or more of the depositions that may require a ruling from the Court, to the extent the parties are unable to reach a mutual resolution. Such issues may include, among others:

    - whether and to what extent Vallair's witnesses can answer questions regarding aircraft conversions that Vallair obtained from EFW, a competitor of Precision, for aircraft conversions at the same time as the Precision conversion program;

    - whether and to what extent, at least one of Vallair's witnesses – who serves several roles for Vallair, including as Vallair's General Counsel – can refuse to answer questions based on an assertion of the attorney-client privilege and/or work-product doctrine; and

    - whether certain questions to be asked by Precision fall within the scope of the Rule 30(b)(6) topics identified by Precision.

- Because of the time difference between Luxembourg and New York, Precision recognizes that it will be difficult to reach the Court during the course of each deposition for the purpose of obtaining any necessary rulings on these or any other issues that may arise.

- Precision also notes that both parties are incurring substantial expenses to have their counsel travel overseas to Luxembourg for these depositions.

- Given the cost, it is not feasible for the parties to wait until after the depositions are adjourned to bring any issues that may arise to the Court. Depending on how the Court rules on such issues, the depositions may need to be resumed, which would require counsel to travel to Luxembourg (and incur the associated expenses) all over again.

- In short, it is in both parties' best interest to have all four depositions completed on the dates for which they are currently scheduled, and Precision anticipates that it may require the Court's assistance to do so, for the reasons stated above.

**Tucker Ellis** LLP

May 14, 2022
Page 3

Accordingly, in order to ensure that the depositions proceed smoothly and to avoid the needless waste of party and judicial resources, Precision asks that the Court appoint a Special Master to be available to resolve issues that arise during the depositions scheduled for May 22- 25, 2023 in Luxembourg. Precision further requests that the Special Master be available from 3:00 pm to 12:00 am EST on each of the deposition dates for the purpose of answering calls from counsel and issuing rulings during the depositions on any objections or other issues that arise. To the extent the Court does not grant Precision's request appoint a Special Master, Precision requests a conference to attempt and reach agreement in advance of the depositions on any anticipated issues. Should you require any additional information or wish to discuss this matter during a conference, please let us know and we will make ourselves available.

Sincerely,

TUCKER ELLIS LLP

*Lindsey Sacher*

LINDSEY E. SACHER

LES:cam

Request for appointment of special master is DENIED for substantially the reasons as set forth in Dkt. 146. The request comes impractically late having been made just the week before the depositions to be taken. Appointment of a special master will result in needless expense. And, there will be enough deposition hours overlapping in the two time zones so that the parties will be able to avail themselves of this Court's authority should there truly be need for such intervention. With respect to the issues noted by Defendant, the parties should bear in mind that (1) the Court has provided guidance regarding EFW information; (2) the input of inhouse counsel regarding primarily a business issue generally is not privileged; and (3) an objection to questions as being outside the scope of 30(b)(6) topics may be appropriate but is not a basis for a direction not to answer absent seeking a protective order for harassment, et al.

SO ORDERED:
5/17/2023

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

012782\000014\5980576.1