```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/14/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
VALLAIR SOLUTIONS SARL

                Plaintiff,

       - against -

321 PRECISION CONVERSIONS LLC

                Defendant.
------------------------------------------------------------X

21-CV-7507 (CM) (RWL)

**ORDER**

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

       This order resolves the letter motions filed by Plaintiff Vallair at Dkt. 149 and 150 concerning documents claimed as privileged by Defendant Precision.  With respect to the 43 documents for which Vallair claims Precision waived privilege based on delay in clawing back inadvertently produced documents, the Court finds no waiver.  The relevant time period starts from when Precision first became aware of the inadvertent production.  Precision requested the return of the inadvertently produced document identified by Vallair in its email of February 27, 2023.  In the same email, Precision indicated it believed there were additional such documents and would follow up with Vallair at a later time.  Precision then proceeded to review its document production for additional inadvertently produced documents, and on March 23, 2023 notified Vallair of the additional such documents it had identified and requested their return.  Given the more than fifty thousand pages of documents produced, the Court cannot conclude that the time taken to review for additional inadvertently produced documents was unreasonable.

       The Court also finds that Precision took reasonable precautions to prevent production of privileged information, that the size of the disclosure relative to the entire volume of documents -- .7% -- is minimal, and that fairness weighs in favor of a finding of

1

no waiver.  Vallair can readily search for copies of the documents in its database and ask its employees to return any copies.  Vallair need not, however, search for every email that may mention any of the 43 documents, but it should redact or destroy any such email as it may come across in the normal course.

Vallair asks that in the event the Court finds no waiver, it require in camera review of the 43 documents because Vallair believes that one inadvertently produced document on which it claims to have relied is not protected by privilege.  By June 18, 2023, Precision shall submit that one document – PREC019442 – for in camera review via email to chambers.  If Precision claims only certain portions of the document are privileged, it shall indicate which portions those are.  Depending on the outcome of its review of that document, the Court may request submission of additional documents for in camera review.

In Dkt. 150, Vallair requests the Court's "guidance" on a procedure to address concerns with Precision's privilege log.  That request is denied without prejudice.  Vallair has not set forth any effort to meet and confer about the issues it raises, which are general in nature.  Accordingly, the parties shall meet and confer about Vallair's concerns in an effort to resolve or narrow them.  To the extent an impasse is reached, Vallair may raise the narrowed disputes with the Court.  Depositions should not be postponed merely because disputes remain about whether certain documents are privileged.

The Clerk of Court is respectfully requested to terminate the letter motions at Dkts. 149 and 150.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: June 14, 2023
       New York, New York

Copies transmitted this date to all counsel of record.