

**VORYS**

301 East Fourth Street, Suite 3500
Great American Tower
Cincinnati, Ohio 45202

513.723.4000 | vorys.com

Founded 1909

Brent D. Craft
Direct Dial   (513) 723-4072
Email bdcraft@vorys.com

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/11/2023
```

October 10, 2023

> Denied. ATSG/CAM did not propose this alternative relief in the previous correspondence resulting in the Court's order denying the motion to quash, and, in any event, written questions will be inadequate given the likely need for follow-up questions. SO ORDERED:
>
> 10/11/2023
>
> HON. ROBERT W. LEHRBURGER
> UNITED STATES MAGISTRATE JUDGE

**VIA ECF**

The Honorable Robert W. Lehrburger
United States Magistrate Judge
500 Pearl Street, Room 1960
United States Courthouse
New York, NY 10007

Re:   *Vallair Solutions SARL v. 321 Precision Conversions LLC*,
Case No. 1:21-cv-07507-CM

Dear Magistrate Judge Lehrburger:

Pursuant to Federal Rule of Civil Procedure 26(c), Third parties Air Transport Services Group., Inc. ("ATSG") and Cargo Aircraft Management, Inc. ("CAM") respectfully submit this letter motion for a protective order regarding the deposition of Joseph C. Hete. Specifically, ATSG and CAM request that Mr. Hete's deposition be conducted by written questions as provided by Federal Rule of Civil Procedure 31. As the Court is aware, Mr. Hete is the chairman of ATSG's Board of Directors and ATSG's former chief executive officer, and ATSG and CAM respectfully suggest that proceeding with Mr. Hete's deposition by written questions would alleviate, to the greatest extent possible, the burden that his deposition represents and would prevent the use of Mr. Hete's deposition as a vehicle for harassment. The undersigned has conferred with counsel for Plaintiff Vallair Solutions SARL ("Vallair") in good faith regarding this matter, but the parties were unable to reach an agreement.

The Court previously addressed the issue of Mr. Hete's deposition on March 10 and July 5, 2023, at which time the Court determined that the issue was premature given that the depositions of Defendant 321 Precision Conversion's ("Precision") witnesses, as well as ATSG's and CAM's Rule 30(b)(6) representatives, had not yet been completed. (ECF Nos. 118, 161). Recently, after party depositions were completed, Vallair moved the Court to compel the deposition of Mr. Hete, which ATSG and CAM opposed and simultaneously filed a motion to quash the September 22, 2023 subpoena Vallair issued for Mr. Hete's deposition. (ECF Nos. 166, 168, 170). On October 3, 2023, the Court granted Vallair's letter motion to compel and denied ATSG and CAM's letter motion to quash, and ordered ATSG and CAM produce Mr. Hete for deposition. (ECF No. 175).

**VORYS**

October 10, 2023
Page 2

      ATSG and CAM respectfully request that the Court enter a protective order requiring the deposition to take place via limited written questions pursuant to Federal Rule of Civil Procedure 31 in order to minimize the burden imposed on Mr. Hete, a high-ranking corporate official of a non-party.  *See* Fed. R. Civ. P. 26(c)(1) (stating a court may, for good cause shown, "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense").  As explained below, given that Vallair has acknowledged that the topics that it seeks to address with Mr. Hete have been "narrowed" by prior discovery in the matter, ATSG and CAM respectfully suggest that conducting Mr. Hete's deposition by written questions will satisfy the parties' respective needs and concerns, and is the most appropriate method for compliance with the Court's October 3 Order.

      Vallair has asserted that Mr. Hete's testimony is purportedly necessary because "none of . . . [Precision's or ATSG's and CAM's Rule 30(b)(6)] witnesses were able to answer questions relating to documents authored by Mr. Hete or his participation in pricing and other decisions." (ECF No. 166, p. 2; *see also* ECF No. 171, p. 1 ("[W]itnesses often essentially testified that they did not know what Mr. Hete had in his mind and what he meant in emails, etc.")).  Vallair admits that prior depositions "have narrowed the focus" of Mr. Hete's deposition, and indicated that it intends to question Mr. Hete on a handful of topics such as Mr. Hete's alleged role in the formation of the Joint Venture, the pricing Precision offered to customers, discussions regarding Vallair's role as a launch customer, and determining the configuration of the conformity aircraft.  (ECF No. 166, p. 2; ECF No. 171, p. 2).

      While ATSG and CAM disagree with Vallair's characterization of the deposition testimony in this matter to date as well as Mr. Hete's purported involvement in the above matters (*see* ECF No. 168, p.3 and n.6; ECF No. 170, pp. 1-2), the discrete topics identified by Vallair and the handful of email communications potentially relevant to Mr. Hete lend themselves to a deposition via written questions.  Proceeding in such manner will fully afford Vallair the opportunity to explore these admittedly limited issues while at the same time guarding against unnecessary harassment and ensuring that the burden imposed on Mr. Hete, a high-ranking corporate official of a non-party, is minimized to the greatest extent possible.  Indeed, under similar circumstances the Southern District of New York has, on numerous occasions, ordered that depositions be conducted by written questions.  *See, e.g., Tomassetti v. Little Giant Ladder Sys., LLC*, 2022 U.S. Dist. LEXIS 220066, at *3 (S.D.N.Y. Dec. 6, 2022) (permitting CEO to be deposed via written questions to minimize the burden imposed by the deposition and to ensure the deposition "'will not be used as a vehicle' for harassment") (quoting *Retail Brand Alliance, Inc. v. Factory Mut. Inso. Co.*, 2008 WL 622810, at *6 (S.D.N.Y. Mar. 7, 2008)); *Fermin v. Rite ex rel. N.Y.*, 2012 WL 364035, at *1-2 (S.D.N.Y. Feb. 3, 2012) (ordering depositions of high-ranking executives to take place via limited written questions where plaintiffs already conducted a Rule 30(b)(6) deposition concerning the subjects to be explored with the executives); *Mitre Sports Int'l Ltd. v. HBO, Inc.*, 2010 WL 2594628, at *1-2 (S.D.N.Y. June 23, 2010) (ordering deposition of non-party witness to be conducted via written questions); *Retail Brand*, 2008 WL 622810, at *6 (ordering deposition of CEO to take place via written questions to "minimize[] the temporal burden of the examination and ensure[] that the deposition will not be used as a vehicle to embarrass or harass" the CEO); *see also In re Terrorist Attacks on September 11, 2001*, 523 F. Supp. 3d 478, 489 (S.D.N.Y. 2021)

**VORYS**

October 10, 2023
Page 3

(noting that Rule 45 requires courts to "be generally sensitive" to burden imposed on non-parties, and that "concern for the unwarranted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs") (quoting *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998)).  ATSG and CAM respectfully suggest that the same approach is appropriate and should be taken here.

Accordingly, ATSG and CAM request that the Court enter a protective order directing Mr. Hete's deposition take place via written questions pursuant to Federal Rule of Civil Procedure 31.

Respectfully submitted,

Brent D. Craft

BDC/cbk

cc:   Counsel of record via ECF